557

**Rui HUANG; Zhi Ming Dong, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74009.

Agency Nos. A75–520–470, A75–520–471.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

Albert S. Chow, Law Offices of Albert S. Chow, Alhambra, CA, for Petitioners.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Shelley R. Goad, Esq., John C. Cunningham, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM **

Rui Huang and Zhi Ming Dong, husband and wife and natives and citizens of China, petition for review of the Board of Immigration Appeals' decision summarily affirming an Immigration Judge's ("IJ") decision denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *see Malhi v. INS,* 336 F.3d 989, 992 (9th Cir.2003), and we deny the petition.

Substantial evidence supports the IJ's adverse credibility finding. Petitioners submitted a first asylum application which contained false incidents of past persecution and prepared fraudulent supporting documents. They then submitted a second application which alleged a new story of past persecution. *See Al–Harbi v. INS,* 242 F.3d 882, 889–90 (9th Cir.2001) (affirming adverse credibility finding based

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

on applicant's "propensity to change his story regarding incidents of past persecution"); *Akinmade v. INS*, 196 F.3d 951, 955–56 (9th Cir.1999) (presentation of fraudulent documents, "submitted to prove a central element of the claim in an asylum adjudication, indicates [applicant's] lack of credibility"). Petitioners' contention that the IJ erred in not making a credibility determination for two other witnesses lacks merit because such findings were not necessary given petitioners' own testimony admitting to their fraudulent conduct.

Because petitioners failed to demonstrate that they were eligible for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). Petitioners do not challenge the IJ's denial of CAT relief and therefore it is waived. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

PETITION FOR REVIEW DENIED.